Jefferson T. Collins, Bar #016428
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7825
jcollins@jshfirm.com

Attorneys for Plaintiff State Auto Property
and Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| State Auto Property and Casualty Insurance Company, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>Popson Construction, Inc., an Arizona corporation; Joshua Wilson, individually and, dba Paneless Window Cleaning and Floor Care,<br><br>Defendants. | NO.<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff, State Auto Property and Casualty Insurance Company ("State Auto"), a foreign corporation, pursuant to Rule 57 of the Federal Rules of Civil Procedure, for its Complaint for Declaratory Judgment, alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a non-governmental corporation, organized under the laws of the State of Ohio, and is a foreign insurer authorized to do business, and is doing business, in the State of Arizona, County of Maricopa.

2. Defendant Popson Construction, Inc. ("Popson") is an Arizona corporation and at all times is and was duly licensed and authorized to do business in the State of Arizona, County of Maricopa with its principal place of business in Scottsdale, Arizona.

7791689.1

3.    Defendant Joshua Wilson, dba Paneless Window Cleaning and Floor Care ("Paneless") is an individual holding a tradename to do business as a cleaning service holding itself out as licensed and authorized to do business in the State of Arizona, County of Maricopa with its principal place of business in Phoenix, Arizona.

4.    Defendants are parties to litigation set forth in a Complaint (CV2019-051833) filed in Maricopa County Superior Court ("the underlying Complaint.)

5.    Plaintiff brings this action pursuant to 28 USC § 2201 et seq. and Arizona's Uniform Declaratory Judgment Act, A.R.S. § 12–1831 et seq. and pursuant to Rule 57, Federal Rules of Civil Procedure.

6.    Jurisdiction and venue are proper in United States District Court for the District of Arizona, pursuant to 28 U.S.C. §1332 as the parties are diverse and the amount in controversy exceeds the jurisdictional limit of this court.

7.    The amount in controversy exceeds the minimal jurisdictional requirements in this Honorable Court as Defendant Popson has pled damages in the underlying Complaint in the amount of $93,928 plus interest, costs and attorneys' fees.

8.    The parties are diverse in that Plaintiff is a foreign corporation (Ohio) with its principal place of business in Columbus, Ohio, and Defendants are citizens of the State of Arizona.

**GENERAL ALLEGATIONS**

9.    Plaintiff issued a Business Owner's insurance policy to its Named Insured, Paneless Window Cleaning (Policy No. BOP 2731028 05) with effective dates of 02/24/2018 to 02/24/2019.  The "Business Description" on the policy is delineated as "Window Cleaning."

10.   The aforementioned policy contains certain limitations, conditions, definitions, exclusions and endorsements.  Specifically, the policy states, part, the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . .

**SECTION I - COVERAGES**

**COVERAGE A . BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   **Insuring Agreement**

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury" or "property damage" to which this insurance applies.

. . .

   b.   This insurance applies to "bodily injury" and "property damage" only if:

   (**1**)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

. . .

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

. . .

**2. Exclusions**

This insurance does not apply to:

. . .

   j.   **Damage To Property**

   "Property damage" to:

. . .

   (**4**)   Personal property in the care, custody or control of the insured;

. . .

   k.   **Damage To Your Product**

   "Property damage" to "your product" arising out of it or

any part of it.

**l.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been   put to its intended use.

. . .

**SECTION V – DEFINITIONS**

. . .

**8.**    Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient,  inadequate or dangerous; or b. You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

. . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**21.** "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)** The providing of or failure to provide warnings or instructions.

    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold

. . .

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

      **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      **(2)**    The providing of or failure to provide warnings or instructions.

## COUNT ONE
## DECLARATORY RELIEF

11. Plaintiff reasserts paragraphs 1 through 10 of its Complaint as if fully set forth herein.

12. Based upon the allegations set forth in the underlying litigation (CV 2019-051833), as well as the limitations, conditions, definitions, exclusions and endorsements of the aforementioned policies State Auto issued to Paneless, Plaintiff asserts there is no coverage (duty to defend or indemnify) for Paneless for the allegations and claims asserted by Popson in the underlying litigation.

13. An actual, real and/or substantial controversy exists between Plaintiff and Defendants concerning the insurance coverage provided by the policy of insurance.

14. Plaintiff has no equal, plain, speedy and/or adequate remedy other than to seek declaratory relief.

15. Plaintiff seeks a judicial determination that the policy does not provide insurance coverage (duty to defend or indemnify) for any claims, allegations, suits or demands made on behalf of Popson versus Paneless as set forth in CV2019-051833 for the following, but not exclusive reasons.

    a. The allegations in the Complaint do not constitute a covered "occurrence" as defined by the policy, and necessary to trigger coverage.

    b. The allegations in the Complaint constitute faulty workmanship which, standing alone, does not constitute a covered "occurrence" as defined by the policy, and necessary to trigger insurance coverage.

   c. The allegations in the Complaint are precluded from coverage pursuant to exclusions j(4), k and l.

  Wherefore, Plaintiff prays for the following relief:

  1. This Court enter a declaratory judgment determining that no coverage exists under the policy (duty to defend or indemnify) for the allegations against Paneless as set forth in CV2019-051833 pending in Maricopa County Superior Court.

  2. For an award of attorneys' fees and cost to Plaintiff pursuant to A.R.S. §§ 12–341 and 12–341.01

  3. For such further relief as the Court deems just and proper.

  DATED this 20th day of August 2019.

        JONES, SKELTON & HOCHULI, P.L.C.

        By /s/ Jefferson T. Collins
          Jefferson T. Collins
          40 North Central Avenue, Suite 2700
          Phoenix, Arizona  85004
          Attorneys for Plaintiff State Auto Property
          and Casualty Insurance Company

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Kathy Kleinschmidt